1  Michael Schumacher (#262403)
   **RIGRODSKY & LONG, P.A.**
2  155 Jackson Street, #1903
   San Francisco, CA 94111
3  Telephone: (415) 855-8995
   Facsimile: (302) 654-7530
4  Email: ms@rl-legal.com

5  *Attorneys for Plaintiff*

6  *[Additional counsel on signature page]*

7                  **UNITED STATES DISTRICT COURT**

8                  **NORTHERN DISTRICT OF CALIFORNIA**

9
   JORDAN ROSENBLATT, On Behalf of          Case No. _____
10 Himself and All Others Similarly Situated,

11                   Plaintiff,              CLASS ACTION

12        v.                                 **COMPLAINT FOR VIOLATION OF**
                                             **THE SECURITIES EXCHANGE ACT**
13 CAVIUM, INC.,  SYED B. ALI, BRAD W.       **OF 1934**
   BUSS, EDWARD H. FRANK, SANJAY
14 MEHROTRA, MADHAV RAJAN,                   JURY TRIAL DEMANDED
   ANTHONY S. THORNLEY, MARVELL
15 TECHNOLOGY GROUP LTD., and KAUAI
   ACQUISITION CORP.,
16
                     Defendants.
17

18        Plaintiff, by and through his attorneys, alleges upon personal knowledge as to himself,

19 and upon information and belief based upon, among other things, the investigation of counsel as

20 to all other allegations herein, as follows:

21                        **SUMMARY OF THE ACTION**

22        1.    This action stems from a proposed transaction announced on November 20, 2017

23 (the "Proposed Transaction"), pursuant to which Cavium, Inc. ("Cavium" or the "Company")

24 will be acquired by Marvell Technology Group Ltd. ("Parent") and Kauai Acquisition Corp.

25 ("Merger Sub," and together with Parent, "Marvell").

26
          2.    On November 19, 2017, Cavium's Board of Directors (the "Board" or "Individual
27

28
   _____
          COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Marvell.  Pursuant to the terms of the Merger Agreement, shareholders of Cavium will receive $40.00 per share in cash and 2.1757 Parent common shares for each share of Cavium they own.

3.    On December 21, 2017, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.    The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.    This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.    Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.    Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Cavium common stock.

9.    Defendant Cavium is a Delaware corporation and maintains its principal

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

executive offices at 2315 N. First Street, San Jose, California 95131.  Cavium's common stock is traded on the NasdaqGS under the ticker symbol "CAVM."

10.     Defendant Syed B. Ali ("Ali") is a founder of Cavium, and has served as President, Chief Executive Officer ("CEO"), and Chairman of the Board of Cavium since 2000.

11.     Defendant Brad W. Buss ("Buss") has served as a director of Cavium since July 2016.

12.     Defendant Edward H. Frank ("Frank") has served as a director of Cavium since July 2016.

13.     Defendant Sanjay Mehrotra ("Mehrotra") has served as a director of Cavium since July 2009.

14.     Defendant Madhav Rajan ("Rajan") has served as a director of Cavium since March 2013.

15.     Defendant Anthony S. Thornley ("Thornley") has served as a director of Cavium since September 2006.

16.     The defendants identified in paragraphs 10 through 15 are collectively referred to herein as the "Individual Defendants."

17.     Defendant Parent is a Bermuda exempted company and a party to the Merger Agreement.

18.     Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

19.     Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Cavium (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

20.     This action is properly maintainable as a class action.

21.     The Class is so numerous that joinder of all members is impracticable.  As of November 16, 2017, there were approximately 69,155,715 shares of Cavium common stock

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

22.     Questions of law and fact are common to the Class, including, among others, whether defendants violated the 1934 Act and whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

23.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class.  Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

24.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

25.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

26.     Cavium is a provider of highly integrated semiconductor products that enable intelligent processing for networking, communication, and the digital home.

27.     Cavium offers a broad portfolio of integrated, software compatible processors ranging in performance from 10 Mbps to over 100 Gbps that enable secure, intelligent functionality in enterprise, data-center, broadband/consumer, wireless, access and service provider equipment.

28.     Cavium processors are supported by ecosystem partners that provide operating

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

1   systems, tools and application support, hardware reference designs and other services.

2       29.   Cavium is headquartered in San Jose, CA with design team locations in

3   California, Massachusetts and India.

4       30.   On November 19, 2017, the Individual Defendants caused the Company to enter

5   into the Merger Agreement.

6       31.   Pursuant to the terms of the Merger Agreement, shareholders of Cavium will

7   receive $40.00 per share in cash and 2.1757 Parent common shares for each share of Cavium

8   they own.

9       32.   On December 21, 2017, defendants filed the Registration Statement with the SEC

10  in connection with the Proposed Transaction.

11      33.   The Registration Statement omits material information with respect to the

12  Proposed Transaction, which renders the Registration Statement false and misleading.

13      34.   The Registration Statement omits material information regarding Cavium's

14  financial projections, Marvell's financial projections, and the financial analyses performed by the

15  Company's financial advisors, Qatalyst Partners LP ("Qatalyst") and J.P. Morgan Securities LLC

16  ("J.P. Morgan").

17      35.   With respect to Cavium's financial projections, the Registration Statement fails to

18  disclose: (i) taxes/taxes payable; (ii) capital expenditures; (iii) investment in net working capital;

19  (iv) depreciation and amortization expenses; (v) payroll taxes; (vi) inventory charges; (vii)

20  amortization of acquisition related assets; (viii) acquisition and integration related costs and tax

21  adjustments; (ix) other non-recurring charges; and (x) a reconciliation of all non-GAAP to

22  GAAP metrics.

23      36.   With respect to Marvell's financial projections, the Registration Statement fails to

24  disclose:  (i) taxes/taxes payable; (ii) capital expenditures; (iii) investment in net working capital;

25  (iv) depreciation and amortization expenses; (v) payroll taxes; (vi) inventory charges; (vii)

26  amortization of acquisition related assets; (viii) acquisition and integration related costs and tax

27  adjustments; (ix) other non-recurring charges; and (x) a reconciliation of all non-GAAP to

28

5

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

1  GAAP metrics.

2      37.    With respect to the combined company's financial projections, the Registration

3  Statement fails to disclose:  (i) depreciation and amortization; (ii) taxes; (iii) capital

4  expenditures; (iv) increases in net working capital; (v) stock-based compensation; and (vi) a

5  reconciliation of all non-GAAP to GAAP metrics.

6      38.    With respect to Qatalyst's *Illustrative Discounted Cash Flow Analysis –*

7  *Standalone Company*, the Registration Statement fails to disclose:  (i) the terminal value of

8  Cavium; (ii) the inputs and assumptions underlying the discount rates of 9.5% to 13.5%; (iii) the

9  estimated cash balance of Cavium as of December 31, 2017; (iv) the estimated debt of Cavium

10  as of December 31, 2017; and (v) the number of fully-diluted shares of Cavium common stock

11  outstanding adjusted for Cavium restricted stock units and Cavium options outstanding.

12      39.    With respect to Qatalyst's *Illustrative Discounted Cash Flow Analysis – Pro*

13  *Forma Combined Company*, the Registration Statement fails to disclose:  (i) the terminal value

14  of Marvell; (ii) the after-tax cost synergies; (iii) the inputs and assumptions underlying the range

15  of discount rates of 9.0% to 12.5%; (iv) the estimated net debt of Marvell as of December 31,

16  2017; and (v) the number of fully-diluted Marvell common shares adjusted for Marvell restricted

17  stock units and Marvell options issued.

18      40.    With respect to J.P. Morgan's *Discounted Cash Flow Analysis*, the Registration

19  Statement fails to disclose: (i) the range of terminal values for Cavium; (ii) the inputs and

20  assumptions underlying the discount rates ranging from 9.0% to 11.0%; (iii) Cavium's net debt;

21  and (iv) the fully diluted shares outstanding of Cavium.

22      41.    With respect to J.P. Morgan's *Intrinsic Value of Merger Consideration—DCF*

23  *Based* analysis, the Registration Statement fails to disclose the inputs and assumptions

24  underlying the discount rate of 10.0%.

25      42.    The disclosure of projected financial information is material because it provides

26  stockholders with a basis to project the future financial performance of a company, and allows

27  stockholders to better understand the financial analyses performed by the company's financial

28

advisor in support of its fairness opinion.  Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

43.     The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement:  (i) Background of the Merger; (ii) Cavium's Reasons for the Merger and Recommendation of Cavium's Board of Directors; (iii) Opinions of Cavium's Financial Advisors, Qatalyst Partners and J.P. Morgan; and (iv) Unaudited Prospective Financial Information.

44.     Additionally, the Registration Statement omits material information regarding potential conflicts of interest of the Company's officers and directors.

45.     Specifically, the Proxy Statement fails to disclose the timing and nature of all communications regarding future employment and directorship of Cavium's officers and directors, including who participated in all such communications.

46.     Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders.  This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

47.     The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement:  (i) Background of the Merger; (ii) Cavium's Reasons for the Merger and Recommendation of Cavium's Board of Directors; and (iii) Interests of Cavium Directors and Executive Officers in the Merger.

48.     The above-referenced omitted information, if disclosed, would significantly alter

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

the total mix of information available to Cavium's stockholders.

**COUNT I**

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Cavium**

49.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

50.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Cavium is liable as the issuer of these statements.

51.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

52.     The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

53.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

54.     The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

55.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

56.     Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Marvell

57.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

58.     The Individual Defendants and Marvell acted as controlling persons of Cavium within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of Cavium and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

59.     Each of the Individual Defendants and Marvell was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

60.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly in the making of the Registration Statement.

61.     Marvell also had direct supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

62.     By virtue of the foregoing, the Individual Defendants and Marvell violated Section 20(a) of the 1934 Act.

63.     As set forth above, the Individual Defendants and Marvell had the ability to

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.   As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to file a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.     Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

1    Dated: January 12, 2018                 **RIGRODSKY & LONG, P.A.**

2                            By:    */s/ Michael Schumacher*

3                                     Michael Schumacher (#262403)

                                    155 Jackson Street, #1903

4                                     San Francisco, CA 94111

                                    Telephone: (415) 855-8995

5                                     Facsimile: (302) 654-7530

                                    Email: ms@rl-legal.com

6

7                                     Brian D. Long

                                    Gina M. Serra

8                                     300 Delaware Avenue, Suite 1220

                                    Wilmington, DE 19801

9                                     Telephone: (302) 295-5310

                                    Facsimile: (302) 654-7530

10                                   Emails: bdl@rl-legal.com

                                  gms@rl-legal.com

11

                                  *Attorneys for Plaintiff*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934